**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

EDDIE ARMAIL JULIAN-BEY,

      Petitioner,

  v.                   Case No. 17-10071

THE STATE OF MICHIGAN INCORPORATED,
RICK SNYDER, and DUNCAN MACLAREN,

      Respondents.
_____/

**OPINION AND ORDER (1) SUMMARILY DISMISSING THE HABEAS PETITION, (2) TERMINATING AS MOOT MOTIONS FOR AN EMERGENCY HEARING AND ISSUANCE OF A SUBPOENA DUCES TEACUM, (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (4) GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

This matter is before the court on Petitioner Eddie Armail Julian-Bey's *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2241 and supporting affidavit. *See* Dkt. #1. Also before the court are Petitioner's motion for an emergency hearing on his petition (Dkt. #3) and his motion in support of issuance of a subpoena duces tecum (Dkt. #4).

Petitioner is a state prisoner at the Handlon Correctional Facility in Ionia, Michigan. He alleges in his habeas petition that he was convicted of felony murder and sentenced in 1976 to life imprisonment without the possibility of parole. *See* Pet. at 3 and 5. Petitioner has provided the court with very little additional information about his state criminal case, except to say that, in 1980, he raised his constitutional argument in the Michigan Supreme Court, which denied relief without an explanation. *See* Aff. in Support of Pet. at 4.

It appears that sometime in the 1980's Petitioner filed a federal habeas corpus petition in which he alleged that his constitutional rights were violated by the admission of similar-acts testimony at his trial. The district court denied the petition because Petitioner had raised a state law question which was not cognizable in a federal habeas corpus proceeding, and the United States Court of Appeals for the Sixth Circuit affirmed the district court's judgment. *See Julian v. Koehler*, 815 F.2d 78 (6th Cir. 1987) (unpublished). More recently, in 2016, Petitioner filed a delayed motion for new trial, which the trial court denied. *See* Aff. in Support of Pet. at 4. Petitioner apparently did not appeal that decision. Instead, he commenced this action on January 9, 2017. The court understands Petitioner's grounds for relief to be that there is no crime of felony murder in Michigan, his jury was not permitted to decide the issue of malice, and the state trial court lacked jurisdiction in his case. *See* Pet. at 3-4.

## II. EXHAUSTION OF STATE REMEDIES AND ABUSE OF THE WRIT

A state prisoner ordinarily must exhaust state remedies for his or her claims before filing a habeas corpus petition in federal court. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999). It does not appear that Petitioner exhausted state remedies for all his claims. In fact, he concedes as much by arguing that exhaustion is futile in his case. Aff. in Support of Pet. at 6.

It further appears that the habeas petition is subject to dismissal as an abuse of the writ because Petitioner could have raised his claims in his prior petition, and he has not explained his failure to do so. *McCleskey v. Zant*, 499 U.S. 467, 489 (1991); *Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). The court, however, may dismiss a § 2241

habeas petition on the merits despite the court's discretionary ability to dismiss the case under the abuse-of-the-writ doctrine. *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 766 (6th Cir. 2008). And the exhaustion rule is not a jurisdictional requirement. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). In the interest of efficiency, the court elects to decide this case on the merits.

### III.  ANALYSIS

Petitioner brings his habeas petition under 28 U.S.C. § 2241, which states in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Upon receipt of a habeas corpus petition, a federal court must promptly examine the petition to determine if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. *Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts).[1] If the court determines that the petitioner is not entitled to relief, it must summarily dismiss the petition. *Id.* (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)). Petitioner is plainly not entitled to relief for the following reasons.

First, despite Petitioner's allegation to the contrary, felony murder is an offense under state law. The Michigan felony-murder statute currently reads:

---

[1] The Court may apply this Rule to habeas petitions which were not brought under 28 U.S.C. § 2254.  *See* Habeas Rule 1(b).

> (1) [A] person who commits any of the following is guilty of first degree murder and shall be punished by imprisonment for life without eligibility for parole:
>
> . . . .
>
> > (b) Murder committed in the perpetration of, or attempt to perpetrate, arson, criminal sexual conduct in the first, second, or third degree, child abuse in the first degree, a major controlled substance offense, robbery, carjacking, breaking and entering of a dwelling, home invasion in the first or second degree, larceny of any kind, extortion, kidnapping, vulnerable adult abuse in the first or second degree under section 145n, torture under section 85, aggravated stalking under section 411i, or unlawful imprisonment under section 349b

Mich. Comp. Laws § 750.316(1)(b) (footnotes omitted). In 1976, when Petitioner was convicted, the statute read:

> Murder which is perpetrated by means of poison, lying in wait, or other wilful [sic], deliberate, and premeditated killing, or which is committed in the perpetration, or attempt to perpetrate arson, criminal sexual conduct in the first or third degree, robbery, breaking and entering of a dwelling, larceny of any kind, extortion, or kidnapping, is murder of the first degree, and shall be punished by imprisonment for life. M.C.L. § 750.316; M.S.A. § 28.548.

*People v. Aaron*, 409 Mich. 672, 717–18 (1980). At the time, the statute "serve[d] to raise an already established murder to the first-degree level, not to transform a death, without more, into a murder." *Id.* at 719. Thus, Petitioner's contention that there is no crime such as felony murder lacks merit. Even at the time of his conviction, the Michigan statute made a murder occurring during the commission of certain enumerated felonies a first-degree murder. *Id.* at 717.

Second, Petitioner's claim that his jury was not permitted to decide the issue of malice is based on *Aaron*, which the Michigan Supreme Court apparently chose not to

4

apply to Petitioner's case. In *Aaron,* the Michigan Supreme Court abolished the common-law felony-murder rule which defined malice as the intent to commit the underlying felony. *See id.* at 727-28, 733. The State Supreme Court held "that malice is the intention to kill, the intention to do great bodily harm, or the wanton and willful disregard of the likelihood that the natural tendency of defendant's behavior is to cause death or great bodily harm." *Id.* at 728. The Supreme Court further held "that malice is an essential element of any murder . . . , whether the murder occurs in the course of a felony or otherwise," *id.*, and "that the issue of malice must always be submitted to the jury." *Id.* at 733.

Petitioner contends that, on direct appeal to the Michigan Supreme Court, he raised the same issue about the felony-murder rule as did the three defendants whose convictions were reversed in *Aaron*. He further alleges that he was given no explanation for why his conviction was not reversed even though his case was pending on appeal and held in abeyance by the Michigan Supreme Court until *Aaron* was decided. *See* Pet. at 7-8; Aff. in Support of Pet. at 4.

The likely explanation for the Michigan Supreme Court's decision not to apply *Aaron* to Petitioner's case is that the Court explicitly stated in *Aaron* that its "decision [would] apply to all trials in progress and those occurring after the date of [its] opinion." *Aaron*, 409 Mich. at 734. Petitioner's case did not all within that class of cases, and the Michigan Supreme Court's decision to apply its new rule in *Aaron* only prospectively did not violate Petitioner's constitutional rights. *Bowen v. Foltz*, 763 F.2d 191, 194 (6th Cir. 1985). "A state in defining the limits of adherence to precedent may make a choice for

5

itself between the principle of forward operation and that of relation backward." *Great Northern Railway Co. v. Sunburst Oil & Refining Co.*, 287 U.S. 358, 364 (1932). In other words,

> the power of the judiciary to limit or preclude the retroactive application of a rule in appropriate cases cannot be questioned. Moreover, the decision of a state court to limit the retroactive effect of a rule involving state law does not raise a federal question.

*Benson v. Carter*, 396 F.2d 319, 323 (9th Cir. 1968) (quoted with approval in *Bowen*, 763 F.2d at 193-94). Consequently, Petitioner has no right to relief on the basis that the Michigan Supreme Court declined to grant him relief under *Aaron.*

Third, although Petitioner contends that the trial court lacked subject-matter jurisdiction, a determination of whether the state court was "vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). Finally, the habeas petition appears to be barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), which applies to § 2241 petitions filed by state prisoners. *Brock v. Howes*, 96 F. App'x 968, 969 (6th Cir. 2004).

## IV. CONCLUSION

IT IS ORDERED that the habeas petition (Dkt. # 1) is summarily DISMISSED with prejudice.

IT IS FURTHER ORDERED that Petitioner's motion for an emergency hearing on the petition (Dkt. # 3) and his motion in support of issuance of subpoena duces tecum (Dkt. # 4) are TERMINATED as moot.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED because reasonable jurists could not debate whether the petition should have been resolved differently or whether the issues deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Nevertheless, if Petitioner appeals this decision, he may proceed *in forma pauperis* on appeal without further authorization because he was granted *in forma pauperis* status in this court, (*see* Dkt. # 5), and an appeal from this decision could be taken in good faith. Fed. R. App. P. 24(a)(3)(A).

    s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 29, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 29, 2017, by electronic and/or ordinary mail.

    s/Lisa Wagner                /
Case Manager and Deputy Clerk
(810) 292-6522