# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

EDDIE ARMAIL JULIAN-BEY,

            Petitioner,

                                        Case No. 17-10071

v.

THE STATE OF MICHIGAN INCORPORATED,
RICK SNYDER, and DUNCAN MACLAREN,

            Respondents.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

This matter has come before the court on Petitioner Eddie Armail Julian-Bey's objections to the court's order dismissing his habeas petition. The petition challenged Petitioner's 1976 state conviction for felony murder, Mich. Comp. Laws § 750.316(1)(b). The court summarily dismissed the petition on the basis that Petitioner's claims lacked merit. (Dkt. #15.) Petitioner objects to the court's order of dismissal on grounds that (1) the court suspended the writ of habeas corpus, (2) the court's order of dismissal is null and void, (3) the court re-characterized his petition, and (4) the court failed (a) to order Respondents to show cause why the writ should not be granted and (b) to grant Petitioner a fact-finding hearing.

## I. DISCUSSION

The court construes Petitioner's objections as a motion for reconsideration. To prevail on his motion, Petitioner "must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different

disposition of the case." E.D. Mich. LR 7.1(h)(3); *see also Indah v. U.S. Sec. & Exch. Comm'n*, 661 F.3d 914, 924 (6th Cir. 2011) (explaining that a motion for reconsideration in the Eastern District of Michigan requires "the movant [to] show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case"). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (Borman, J.) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001) (Lawson, J.)).

Petitioner contends that the court suspended the writ when it dismissed his petition. The Constitution provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. In this case, however, the court did not prevent Petitioner from seeking habeas relief. Rather, the court decided his petition on the merits in a reasoned opinion. The court's determination that Petitioner's claims were not supported by the law did not amount to a suspension of the writ.

Next, Petitioner alleges that the court's order of dismissal is null and void because the court failed to transfer the petition to the United States Court of Appeals for the Sixth Circuit as a second or successive petition under 28 U.S.C. § 2244(b)(3)(A). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a habeas petitioner who seeks to file a second or successive petition must apply to the appropriate federal court of appeals for permission to file a second or successive petition. 28 U.S.C. § 2244(b)(3)(A). But Petitioner was convicted before

§ 2244(b)(3)(A) was enacted. Therefore, the proper inquiry was whether Petitioner had abused the writ of habeas corpus by filing another habeas petition after his first petition was denied on the merits. *See McCleskey v. Zant*, 499 U.S. 467, 470 (1991) (a pre-AEDPA case); *Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007) (stating that "when . . . the original petition was filed pre-AEDPA, we must analyze whether the second or successive habeas petition would have survived under the pre-AEDPA 'abuse of the writ' standard as set out in *McCleskey v. Zant*").

The court briefly noted in its order of dismissal that Petitioner had probably abused the writ because he could have raised his claims in his prior petition and because he had not explained his failure to do so. But ultimately the court dismissed the petition on the merits. The Sixth Circuit Court of Appeals took this approach in *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 766 (6th Cir. 2008) ("Despite our ability to dismiss Dietz's petition on discretionary grounds [for abusing the writ], we choose to decide this case on the merits."). Therefore, the court's order of dismissal is not null and void. Furthermore, if Petitioner wanted the court of appeals to determine whether this court had authority to address his claims, he could have asked the court of appeals for permission to file a second or successive petition before he filed his habeas petition in this court.

Petitioner's third objection to the court's order of dismissal is that the court re-characterized his claim by omitting from its analysis any reference to the felony murder doctrine. The court did not use the phrase "felony murder doctrine" in its order of dismissal, but the court did analyze Petitioner's claim that there is no crime of felony

murder in Michigan. In doing so, the court did not re-characterize Petitioner's habeas claim.

Petitioner's final objection to the order of dismissal is that the court (i) failed to order Respondents to show cause why the writ should not be granted and (ii) refused to give Petitioner a fact-finding hearing. As noted in the order of dismissal, however, a district court may summarily dismiss a petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. *Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011). It was plain to the court that Petitioner's claims lacked merit and that he was not entitled to relief. Therefore, the court did not err by summarily dismissing the petition without seeking argument from Respondents and without first granting Petitioner a fact-finding hearing.

## II. CONCLUSION

Petitioner has failed to show that the court made a palpable defect when it summarily dismissed his habeas petition.

Accordingly, IT IS ORDERED that Petitioner's motion for reconsideration (Dkt. #16) is DENIED.

Dated; October 27, 2017

                                       S/Robert H. Cleland  
                                      ROBERT H. CLELAND  
                                      UNITED STATES DISTRICT JUDGE

October 27, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 27, 2017, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522